CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 24 2009
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DYLAN LOPEZ TYREE,<br>    Plaintiff, | Civil Action No. 7:09-cv-00216 |
| v. | **MEMORANDUM OPINION** |
| LT. BROOKS, et al.,<br>    Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Dylan Lopez Tyree, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Tyree names two correctional officers as defendants: Lieutenant Brooks and Officer Farlow. Tyree claims that the defendants violated his constitutional rights by not allowing him to use any bathroom facilities while in transit between prisons. After reviewing Tyree's submissions, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Tyree alleges the following facts in his complaint. On December 5, 2008, the defendants were responsible for transferring Tyree and other prisoners from the Pulaski Correctional Unit to the Coffeewood Correctional Center by driving on various highways. (Compl. 5.) Upon boarding the bus at the Pulaski Correctional Unit at approximately 6:40 a.m. until being allowed off the bus at Coffeewood Correctional Center at 12:15 p.m., the defendants denied Tyree the privilege of using a restroom. About two and a half hours into the trip, the defendants stopped the bus on the road's shoulder to relieve themselves and then resumed the trip. Tyree and other prisoners requested permission to use the bus' bathroom, but the defendants ignored their requests. Tyree then urinated on the floor of the bus, and other prisoners soon did the same.

Although no smoking occurred on the bus during the trip, one of the prisoners lit a cigarette. Tyree later discovered this event was the reason the defendants did not allow the prisoners a restroom stop. Tyree believes that being forced to urinate on the bus floor constitutes cruel and unusual punishment. Tyree requests $260,000 in damages and that the defendants be reprimanded or fired.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton,

2

775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). An Eighth Amendment claim for prison conditions requires a showing of a serious deprivation of a basic human need and deliberate indifference of a prison official to the conditions creating the deprivation. See Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Additionally, the condition or conditions must cause or contribute to a serious medical need. Id. at 1380.

However, the Constitution "does not mandate comfortable prisons," and only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation. Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981). Beyond not sustaining any resulting injury, the denial of bathroom privileges for just over five hours while being transported between prisons is not a denial of a minimal measure of life's necessities. C.f. Despain v. Uphoff, 264 F.3d 965, 972 (10th Cir. 2001) (finding contact with human waste sufficiently serious when inmates locked in flooded cells with water contaminated with urine and floating feces and inmates were served food from a cart that allowed the contaminated water to contact food). The fact that at least one inmate was armed with the ability to set fire to something in the presence of other inmates makes it clear that the defendants' duty to secure the prisoners and prevent injury and damage necessitated keeping the inmates secured for the duration of the trip, which lasted less than six hours. Furthermore, urinating on the bus floor is merely an isolated incident, not actionable via the Eighth Amendment. See Shaw

3

v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (an Eighth Amendment violation is not shown by pointing to a single, isolated incident). Accordingly, I dismiss the complaint for failing to state a claim upon which relief may be granted.

III.

For the foregoing reasons, I dismiss Tyree's complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 24th day of July, 2009.

*Jackson L. Kiser*
Senior United States District Judge

4